UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

TIMOTHY BROCKETT,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

21 Cr. 574 (PMH)

WHEREAS, on or about September 16, 2021, TIMOTHY BROCKETT (the "Defendant"), was charged in a three-count Information, 21 Cr. 574 (PMH) (the "Information"), with stealing a firearm from a licensed dealer, in violation of Title 18, United States Code, Section 922(u)(Count One); conspiracy to defraud the United States, in violation of Title 18, United States Code, Section 371 (Count Two); and conspiracy to distribute controlled substance, in violation of Title 21, United States Code, Section 846 (Count Three);

WHEREAS, the Information included a forfeiture allegation as to Count Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Information;

WHEREAS, the Information included a second forfeiture allegation as to Count Three of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count Three of the Information and any

and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense charged in Count Three of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Three of the Information that the Defendant personally obtained;

WHEREAS, on or about November 15, 2021, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts Two and Three of the Information and agreed to forfeit, pursuant to (i) Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), a sum of money in United States currency, representing proceeds traceable to the commission of the offenses charged in Counts Two of the Information; and (ii) Title 21, United States Code, Section 853, a sum of money in United States currency, representing proceeds traceable to the commission of the offenses charged in Count Three of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $400 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts Two and Three of the Information that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts Two and Three of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Steven J. Kochevar of counsel, and the Defendant, and his counsel, Ben Gold, Esq., that:

1. As a result of the offenses charged in Two and Three of the Information, to which the Defendant pled guilty, a money judgment in the amount of $400 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts Two and Three of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, TIMOTHY BROCKETT, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8.      The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          7/13/22
STEVEN J. KOCHEVAR                                        DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(914) 993-1928

TIMOTHY BROCKETT

By: _____          7/13/22
TIMOTHY BROCKETT                                         DATE

By: _____          7/13/22
BEN GOLD, ESQ.                                                  DATE
Attorney for Defendant
52 Duane Street, 10th Floor
New York, NY 10007

SO ORDERED:

_____          7/13/22
HONORABLE PHILIP M. HALPERN                    DATE
UNITED STATES DISTRICT JUDGE